## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

**CHRISTOPHER L. DUNN,**                                                            **PLAINTIFF**
**ADC #113626**

**V.**                          **CASE NO. 2:19-CV-28-KGB-BD**

**SEDRIC FRANKLIN**                                                                **DEFENDANT**

### RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge

Kristine G. Baker. Mr. Dunn may file written objections with the Clerk of Court if he

disagrees with the Recommendation's findings or conclusion. To be considered,

objections must be filed with the Clerk of Court within 14 days. Objections should be

specific and should include the factual or legal basis for the objection.

If Mr. Dunn does not file objections, he risks waiving the right to appeal questions

of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation

without independently reviewing the record.

**II.    Discussion:**

A.  Background

Christopher L. Dunn, an Arkansas Department of Correction inmate, filed this

civil rights lawsuit without the help of a lawyer. In his complaint, Mr. Dunn alleges that

Defendant Franklin improperly waived Mr. Dunn's attendance at his disciplinary hearing

on September 12, 2018, and that Defendant Franklin did not provide him a disciplinary

appeal form after convicting him of the disciplinary at issue on September 12, 2018.

B.  Standard

The Prison Litigation Reform Act requires federal courts to review complaints

filed by prisoners before ordering service of process and to dismiss claims that do not

state a claim for relief. 28 U.S.C. § 1915A(b). The Court has reviewed the complaint in

this case and has liberally construed Mr. Dunn's allegations. Even if all allegations in the

complaint are true, Mr. Dunn has not stated a federal claim for relief.

C.  Due Process

Under current law, a prisoner's due process rights are triggered only if he has a

liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris*,

320 F.3d 844, 847 (8th Cir. 2003). A prisoner's liberty interests are limited to freedom

from restraint that "imposes atypical and significant hardship on the inmate in relation to

the ordinary incidents of prison life," or from actions that "inevitably affect the duration

of [a prisoner's] sentence." *Sandin*, 515 U.S. at 484, 487. Here, Mr. Dunn alleges that, as

a result of the disciplinary conviction at issue: his classification was reduced; he spent 49

days in days in punitive isolation; and his telephone, visitation, and commissary

privileges were restricted for 120 days. These temporary changes in the conditions of his

confinement, while important to him, are not serious enough to trigger the protection of

the Due Process Clause of the Constitution. *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir.

2010) (inmate was not deprived of liberty interest during nine months in administrative

segregation); *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (inmates have

2

no liberty interest in maintaining a particular classification level and thirty days in

punitive segregation is not an atypical and significant hardship); and *Kennedy v.*

*Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation

was not atypical and significant hardship despite restrictions in mail, telephone,

visitation, commissary, and property privileges).

## III.    Conclusion:

The Court recommends that Mr. Dunn's claims be DISMISSED, with prejudice,

based on his failure to state a constitutional claim for relief. The Court also recommends

that Judge Baker certify that this dismissal counts as a "strike" for purposes of 28 U.S.C.

§ 1915(g) and, further, that an *in forma pauperis* appeal would be frivolous and not taken

in good faith.

DATED, this 13th day of March, 2019.

_____

UNITED STATES MAGISTRATE JUDGE