# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**CHRISTOPHER L. DUNN, ADC #113626**                                                          **PLAINTIFF**

v.                              **Case No. 2:19-cv-00028-KGB**

**SEDRIC FRANKLIN**                                                                              **DEFENDANT**

## ORDER

Before the Court is the Recommended Disposition submitted by United States Magistrate Judge Beth Deere on March 13, 2019 (Dkt. No. 4). In her Recommended Disposition, Judge Deere recommends that plaintiff Christopher L. Dunn's claims be dismissed with prejudice. Mr. Dunn has filed a timely objection to Judge Deere's Recommended Disposition (Dkt. No. 5). After careful consideration of the Recommended Disposition and Mr. Dunn's objections thereto, as well as a *de novo* review of the record, the Court finds no reason to alter or reject Judge Deere's conclusion, except that the Court will dismiss Mr. Dunn's claims without prejudice.

The Court writes separately to address Mr. Dunn's objections. Mr. Dunn, an Arkansas state prisoner, alleges that defendant Sedric Franklin, a sergeant at the Varner Unit of the Arkansas Department of Correction, violated his Fourteenth Amendment due process rights (Dkt. No. 2). "In order to prevail on a Fourteenth Amendment due process claim, [Mr. Dunn] must first demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). "To show he was deprived of a protected liberty interest, [Mr. Dunn] must identify conditions that impose 'atypical or significant hardship . . . in relation to the ordinary incidents of prison life.'" *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (second alteration in original) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Mr. Dunn acknowledges as much (Dkt. No. 5, at 2).

In his objection, Mr. Dunn claims that:

> [H]e was placed in isolation – solitary confinement from general population under conditions that are extreme and/or much worse as compared, and punished without recieving [sic] any process at all, because of a policy of the Varner Unit, Arkansas Dep't of Correction, that, due to his own creation and/or custom, Defendant Franklin was following when he intentionally denied Plaintiff a hearing on September 12, 2018, on the two major discplinary's [sic] at issue causing Plaintiff to be confined for more more [sic] than 60 days in punitive isolation from general population under conditions that are much worse and at times extreme than general prison population amassing to atypical and significant hardship.

(*Id.*, at 2–3).

Mr. Dunn "has no liberty interest in avoiding administrative segregation unless the conditions of his confinement 'present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.'" *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996) (quoting *Sandin*, 515 U.S. at 486). The Eighth Circuit has "consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship." *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (quoting *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003)). Under binding precedent, the conditions Mr. Dunn experienced in solitary confinement were not harsh enough to implicate a liberty interest. In 2016, the Eighth Circuit held that a state prisoner who alleged that he had been placed in solitary confinement for one year failed to state a claim for violation of due process. *See Ballinger v. Cedar Cty., Mo.*, 810 F.3d 557, 562–63 (8th Cir. 2016). Here, Mr. Dunn alleges that he was placed in solitary confinement for two months. It follows that, "[a]s a prisoner, [Mr. Dunn] has not sufficiently alleged he was deprived of a liberty interest under the Fourteenth Amendment Due Process clause." *Id.* at 562–63.

In sum, after *Sandin* and *Ballinger*, Mr. Dunn has no remedy for the alleged violations of prison grievance procedures. Accordingly, the Court adopts the Recommended Disposition in its entirety as this Court's findings of fact and conclusions of law (Dkt. No. 4). The Court dismisses

Mr. Dunn's complaint without prejudice. Dismissal of this action constitutes a "strike" within the meaning of 28 U.S.C. § 1915(g). Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the Order and Judgment entered in this case would not be taken in good faith.

    It is so ordered this 8th day of May, 2020.

*signature*

Kristine G. Baker
United States District Judge